IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-01231-WJM-BNB

FRANCES RILEY,

Plaintiff,

v.

CHASE FINANCIAL HOME SERVICING,
MERSCORP, INC., a foreign corporation,
LAW OFFICES OF ROBERT J. HOPP & ASSOCIATES, LLC,
BOYD A. ROLFSON, #40035, individually,
AMADA R. BERTRAND, #40324, individually,
BRADFORD L. BOLTON, U.S. Bankruptcy Clerk,
J. ZUNIGA, signed, for the Court,
SALLY ZEMAN, individually, Trustee,
A. BRUCE CAMPELL, Judge for US Bankruptcy Court District of Colorado,
UNKNOWN DEFENDANTS H-MMM,

Defendants.
_____

**ORDER**
_____

This matter is before me on a pleading filed by the plaintiff titled **Enjoinder Criminal RICCO Complaint Jury Trial Demanded** [Doc. #1] (the "Complaint"). For the following reasons, the Complaint is STRICKEN, and the plaintiff is directed to submit an amended complaint that complies with this order.

The Federal Rules of Civil Procedure require that a complaint contain "(1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). "[T]he only permissible pleading is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable

grounds." Blazer v. Black, 196 F.2d 139, 144 (10th Cir. 1952). "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her, and what specific legal right the plaintiff believes the defendant violated." Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007). The requirements of Rule 8(a) guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." TV Communications Network, Inc. v. ESPN, Inc., 767 F. Supp. 1062, 1069 (D. Colo. 1991), aff'd, 964 F.2d 1022 (10th Cir. 1992). The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

The plaintiff is proceeding *pro se*. Although I must liberally construe the pleadings of the *pro se* plaintiff, Haines v. Kerner, 104 U.S. 519, 520-21 (1972), I cannot act as her advocate, and the plaintiff must comply with the fundamental requirements of the Federal Rules of Civil Procedure and the local rules of this court. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The plaintiff's Complaint suffers from many deficiencies. The Complaint is not submitted on the court's standard complaint form. "A *pro se* party shall use the forms established by this court to file an action." D.C.COLO.LCivR 8.1A. In addition, all typewritten complaints must be double-spaced. D.C.COLO.LCiv.R 10.1E. The plaintiff's Complaint is typewritten and single-spaced.

In addition, the plaintiff refers to herself as a "Class Representative." *Complaint*, p. 3, ¶

2.[1]  The plaintiff has not filed a motion seeking class certification. Moreover, the plaintiff is proceeding *pro se* and is not a lawyer. A non-lawyer may not act as counsel for others, including particularly as class counsel in a class action. See D.C.COLO.LCivR 11.1A (providing that "[o]nly *pro se* individual parties and members of this court's bar may appear or sign pleadings, motions, or papers").

The Complaint is 58 pages long. The Complaint is replete with argument[2] and conclusory allegations of wrongdoing. Arguments and conclusory allegations of wrongdoing are not appropriately asserted in a complaint. The plaintiff does not clearly state her claims; the legal bases for her claims; the actions or inactions of each defendant; and how those actions or inactions violate the law.

The plaintiff attempts to assert a claim under the federal Racketeer Influenced and Corrupt Organizations ("RICO") act. However, RICO claims must be pled with factual specificity, not with conclusory allegations.

The Complaint utterly fails to provide notice of the plaintiff's causes of action as required by Rule 8. Accordingly, the Complaint is stricken, and the plaintiff shall submit an amended complaint which complies with the Federal Rules of Civil Procedure, the local rules of this court, and this order.

The amended complaint which the plaintiff is required to file shall be submitted on the court's form and shall be titled "Amended Complaint." The background statement shall briefly

---

[1]The Complaint is not paginated. Therefore, I cite to the pages of the Complaint as they are assigned by the court's docketing system.

[2]In addition to argument made within the text of the claims, the Complaint also contains a "Legal Memorandum" which contains nothing but legal argument.

summarize the plaintiff's case and shall not exceed one double-spaced typewritten page. Each claim shall be numbered and shall be stated separately. Each claim shall state the legal basis for the claim; shall identify which defendant(s) the claim is brought against; and shall allege facts sufficient to state a claim for relief as to each of those defendants. Each claim shall not exceed two typewritten pages, double-spaced, with the exception of the RICO claim which shall not exceed two typewritten pages, double-spaced as to each defendant against whom the claim is brought. The Complaint shall not contain conclusory allegations or argument. The plaintiff shall not designate herself as a class representative if she is proceeding *pro se*. Accordingly,

IT IS ORDERED that the Complaint is STRICKEN for failure to comply with Fed. R. Civ. P. 8, D.C.COLO.LCivR 8.1A, D.C.COLO.LCiv.R 10E, and D.C.COLO.LCivR 11.1A.

IT IS FURTHER ORDERED that the plaintiff shall have until **July 11, 2011**, to submit an amended complaint which complies with Fed. R. Civ. P. 8, D.C.COLO.LCivR 8.1A, D.C.COLO.LCiv.R 10, D.C.COLO.LCivR 11.1A, and this order.

IT IS FURTHER ORDERED that the plaintiff's failure to comply with this order may result in a recommendation that the plaintiff's case be dismissed.

IT IS FURTHER ORDERED that the Clerk of the Court shall enclose with this order a copy of the court's complaint form.

Dated June 24, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge