IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-01231-WJM-BNB

FRANCES RILEY,

Plaintiff,

v.

CHASE FINANCIAL HOME SERVICING,
MERSCORP, INC., a foreign corporation,
LAW OFFICES OF ROBERT J. HOPP & ASSOCIATES, LLC,
BOYD A. ROLFSON, #40035, individually,
AMADA R. BERTRAND, #40324, individually,
BRADFORD L. BOLTON, U.S. Bankruptcy Clerk,
J. ZUNIGA, signed, for the Court,
SALLY ZEMAN, individually, Trustee,
A. BRUCE CAMPELL, Judge for US Bankruptcy Court District of Colorado,
UNKNOWN DEFENDANTS H-MMM,

Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

The plaintiff initiated this case by filing a paper titled **Enjoinder Criminal RICCO Complaint Jury Trial Demanded** [Doc. #1] (the "Complaint"). On June 24, 2011, I struck the Complaint for failure to comply with Fed. R. Civ. P. 8; D.C.COLO.LCivR 8.1A; D.C.COLO.LCivR 10E; and D.C.COLO.LCivR11.1A, and I directed the plaintiff to submit an amended complaint which complies with those rules and my order. *Order dated June 24, 2011* [Doc. #3]. I warned the plaintiff that failure to comply could result in a recommendation that this action be dismissed.

I advised the plaintiff that pursuant to D.C.COLO.LCivR 8.1A, "[a] *pro se* party shall use the forms established by this court to file an action," and that all typewritten complaints must be

double-spaced pursuant to D.C.COLO.LCiv.R 10.1E. I also advised her that "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her, and what specific legal right the plaintiff believes the defendant violated." Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007).

Specifically, I ordered that:

> The amended complaint which the plaintiff is required to file shall be submitted on the court's form and shall be titled "Amended Complaint." The background statement shall briefly summarize the plaintiff's case and shall not exceed one double-spaced typewritten page. Each claim shall be numbered and shall be stated separately. Each claim shall state the legal basis for the claim; shall identify which defendant(s) the claim is brought against; and shall allege facts sufficient to state a claim for relief as to each of those defendants. Each claim shall not exceed two typewritten pages, double-spaced, with the exception of the RICO claim which shall not exceed two typewritten pages, double-spaced as to each defendant against whom the claim is brought. The Complaint shall not contain conclusory allegations or argument.

Id. at pp. 3-4.

The plaintiff submitted a proposed amended complaint on July 11, 2011. The proposed amended complaint was not on the court's form; it was not double-spaced; and it was not titled "Amended Complaint." Although the proposed amended complaint stated that the action is brought under the federal Racketeer Influenced and Corrupt Organizations ("RICO") statute, 18 U.S.C. §§ 1962 and 1964, it did not allege facts implicating each defendant. Instead, it repeatedly referred to the defendants collectively. The proposed amended complaint contained many conclusory allegations, and it utterly failed to state with any factual specificity the actions or inactions of each defendant and how these actions or inactions violate RICO.

I did not accept the proposed amended complaint for filing, and I ordered the plaintiff to show cause on or before August 9, 2011, why this case should not be dismissed pursuant to D.C.COLO.LCivR 41.1 for failure to comply with the Federal Rules of Civil Procedure, the local rules of this court, and my order regarding the filing of an amended complaint.  I cautioned the plaintiff that failure to show cause on or before August 9, 2011, would result in my recommendation that this case be dismissed with prejudice.

In response to my show cause order, the plaintiff filed a motion titled Plaintiff [sic] Motion for Extension of Time to Amend Complaint [Doc. #6].  The relief sought by the motion was not entirely clear.  The title of the motion indicated that the plaintiff was seeking an extension of time to amend her Complaint, and the first sentence of the Motion stated that "[p]ending before this Court is a motion to amend plaintiff's complaint."  However, the record did not show any pending motion to amend the Complaint.

In the body of the motion, the plaintiff requested an extension of 30 days to respond to the show cause order "due to a medical accident of [her] son."  I granted the motion to allow the plaintiff to respond to the show cause order on or before August 22, 2011, and I denied it in all other respects.  In addition, I ordered that "[n]o further extensions to respond to the Order to Show Cause will be granted."

The plaintiff did not file a response to the Order to Show Cause on August 22, 2011.  Instead, on August 23, 2011, she filed "Plaintiff's Motion for Extension of Time for Filing" [Doc. #9], wherein she states:

> COMES NOW THE PLAINTIFF, Frances Riley, to move an
> extension of time for at least another 60 days, for filing Plaintiff's
> cause of action.  Plaintiff needs a significant amount of time to
> seek counsel or in the alternative, to develop a solid foundation for

>               filing this lawsuit and pursuing necessary means to establish a non-
>               frivolous cause of action.

The plaintiff's *pro se* status does not excuse her from complying with the fundamental requirements of the Federal Rules of Civil Procedure. Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994). Therefore, the plaintiff has failed to show cause why this action should not be dismissed pursuant to D.C.COLO.LCivR 41.1 for failure to comply with the Federal Rules of Civil Procedure, the local rules of this court, and my order regarding the filing of an amended complaint.[1]

Before imposing dismissal with prejudice as a sanction, however, I must evaluate the following factors:

>       (1) the degree of actual prejudice to the [other party]; (2) the
>       amount of interference with the judicial process; (3) the culpability
>       of the litigant; (4) whether the court warned the party in advance
>       that dismissal of the action would be a likely sanction for
>       noncompliance; and (5) the efficacy of lesser sanctions. Only
>       when the aggravating factors outweigh the judicial system's strong
>       predisposition to resolve cases on their merits is dismissal an
>       appropriate sanction.

Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotations and citations omitted). "[D]ismissal represents an extreme sanction appropriate only in cases of willful misconduct." Id. at 920.

Applying the Ehrenhaus factors, I find that there is no prejudice to the defendants because the initial Complaint was not served on them. However, the plaintiff's failure to submit a proper complaint has interfered with the judicial process, requiring that I repeatedly address the

---

[1] In addition, I note that the plaintiff has not submitted a proposed amended complaint in the month that has elapsed since I issued the show cause order.

4

plaintiff's failure to file an amended complaint that conforms with the Federal Rules of Civil Procedure, the local rules of this court, and my order.

The plaintiff is obviously culpable. I provided her with clear and simple directives to file an amended complaint which states the legal basis for each claim; identifies which defendant(s) the claim is brought against; and alleges facts sufficient to state a claim for relief as to each of those defendants. Nevertheless, the plaintiff filed a proposed amended complaint which failed to state with any factual specificity the actions or inactions of each defendant and how these actions or inactions violate RICO.

On June 24, 2011, I warned the plaintiff that failure to submit an amended complaint which complies with Fed.R.Civ.P. 8, D.C.COLO.LCivR 8.1A, D.C.COLO.LCivR 10, D.C.COLO.LCivR 11.1A, and my order regarding the filing of an amended complaint could result in a recommendation that this action be dismissed [Doc. #3]. I warned the plaintiff again on July 27, 2011, that I would recommend dismissal of this action with prejudice if she did not show good show cause why this case should not be dismissed pursuant to D.C.COLO.LCivR 41.1 for failure to comply with the Federal Rules of Civil Procedure, the local rules of this court, and my order [Doc. #5]. Thus, she has received adequate warning that dismissal of the action would be a likely sanction for noncompliance.

A sanction less than dismissal with prejudice would not be effective. The plaintiff has ignored an unambiguous order, and she has failed to show cause for her conduct. This conduct demonstrates a lack of respect for the court and the judicial system. Dismissal with prejudice is the only effective sanction. Accordingly,

I respectfully RECOMMEND that this action be DISMISSED WITH PREJUDICE for the plaintiff's failure to comply with the Federal Rules of Civil Procedure, the local rules of this court, and my order regarding the filing of an amended complaint.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated August 25, 2011.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge